IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CITIMORTGAGE, INC.<br><br>Plaintiff<br><br>vs<br><br>JORGE LUIS ORTIZ-ORTIZ, his wife NYDIA E. GONZALEZ DE ORTIZ a/k/a NYDIA ESTHER GONZALEZ-RODRIGUEZ, and the conjugal partnership constituted among them<br><br>Defendants | CIVIL 11-1541CCC |

## DEFAULT JUDGMENT

Upon plaintiff's application for judgment, and it appearing from the records of the above-entitled cause that default was entered by the Clerk of this Court against defendant for its failure to plead or file an answer to the complaint, or otherwise appear in the above cause, against which defendant plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.     The mortgage constituted by defendants Jorge Luis Ortiz-Ortiz, Nydia E. González de Ortiz a/k/a Nydia Esther González-Rodríguez by deed number 112, before Notary Public Carlos L. Segarra-Matos at Ponce, Puerto Rico, on May 25, 2005, securing a mortgage note, payable to the order of First Equity Mortgage Bankers, further negotiated or endorsed to the order of plaintiff, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of defendant in the above cause, on the mortgaged premises, as described in paragraph seventh of the complaint on file in the above cause, to wit:

> **URBANA: Solar marcado con el número 36 del Bloque "XX" de la Urbanización Villa del Carmen de Ponce, Puerto Rico, con una cabida de 354.149 metros cuadrados. En lindes, por el NORTE, en 9.029 metros, con la Calle #5; por el SUR, en 14.908 metros, con el solar #37 del mismo bloque; por el ESTE, en 20.108 metros, más un arco de 7.78 metros, con la Calle #6; y por el OESTE, en 25.00 metros, con el solar #35 del mismo bloque. Contiene una casa de concreto dedicada a vivienda.**

CIVIL 11-1541CCC                              2

**Inscrita al Folio 15 del Tomo 2039 de Ponce, Registro de la Propiedad de Puerto Rico, Sección Primera de Ponce, Finca 39,989**.

2.     Defendants Jorge Luis Ortiz-Ortiz and Nydia E. González de Ortiz a/k/a Nydia Esther González-Rodríguez as debtors under said note and as present owner of the land and buildings hereinbefore referred to, is hereby ordered and adjudged to pay unto plaintiff CitiMortgage, Inc. the sum of $98,156.35 of principal of said mortgage note, plus interest at the rate of 5.75% per annum, from March 24, 2010 on and until full payment, plus costs, charges, disbursements and attorneys' fees in the amount of $10,575.00, in the above cause, plus all expenses and advances made by the plaintiff.

3.     In default of the payment of the sums hereinbefore specified or of any part thereof, within the ten (10) days from the date of entry of this judgment, the mortgaged property described in paragraph one (1) hereof, shall be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiff' mortgage within the limits secured thereby.

4.     **Reinaldo Cestero** is hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by the Court.

5.     The sale to be made by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $105,750.00.

6.     Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

(a)     To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after said compensation and expenses shall have been fixed and approved

by the Court, all said expenses to be deducted from the sum of $10,575.00, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorneys' fees.

(b) To the payment of all expenses and advances made by the plaintiff for an amount not to exceed $10,575.00.

(c) To the payment of that part of the indebtedness owed to plaintiff up to the amount of $98,156.35 of principal with interest thereon from March 24, 2010, until the date of full payment at the rate of 5.75% per annum, plus the balance of the sum of $10,575.00 for costs, charges, disbursements, expenses and attorney' fees due in the above cause, after deduction of the expenses mentioned in the preceding subparagraph (a).

(d) If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

7. Plaintiff in this proceeding may apply to this Court for such further orders as it may deem advisable to its interest, in accordance with the terms of this judgment.

SO ORDERED.

At San Juan, Puerto Rico, on November 18, 2011.

S/CARMEN CONSUELO CEREZO
United States District Judge